# Availability of the Judgment Fund for Settlements with Foreign Countries

If the United States enters into appropriate settlement agreements with foreign countries whose nationals were victims of the 1988 Iran Air incident, the Attorney General would have the authority to certify such settlements for payment from the Judgment Fund, subject to approval by the Comptroller General. The Comptroller General's role is ministerial.

July 10, 1989

MEMORANDUM OPINION FOR THE LEGAL ADVISER
DEPARTMENT OF STATE

This is in response to your letter of June 12, 1989, to Stuart E. Schiffer, Acting Assistant Attorney General for the Civil Division, seeking advice regarding the availability of the Judgment Fund for settlements with foreign countries whose nationals were victims of the 1988 Iran Air Incident. Based on the relevant statutes and this Department's experience with payment of settlements from the Judgment Fund, we have concluded that, under the circumstances described below, the Judgment Fund could be used for this purpose. The Civil Division concurs in this view.

Your letter explains that on July 3, 1988, the USS Vincennes, while involved in actions against hostile Iranian vessels in the Persian Gulf, shot down Iran Air Flight 655. Nationals of several countries, including Iran, Italy, Yugoslavia, the United Arab Emirates, India and Pakistan were aboard the flight; all aboard were killed. On May 17, 1989, the Government of Iran commenced suit against the United States in the International Court of Justice ("ICJ"), alleging that the Vincennes' actions violated the 1944 Chicago Convention on International Civil Aviation and the 1971 Montreal Convention for the Suppression of Unlawful Acts Against the Safety of Civil Aviation. Iran has demanded compensation for the families of its nationals who were killed. The other governments whose nationals were aboard have also requested compensation but have not yet commenced an action in the ICJ.

The President has announced that, for humanitarian reasons, the United States is prepared to offer ex gratia payments to the families of the victims.[1] You have asked our advice regarding the availability of the

---

[1] The ex gratia payments would not represent a complete disposition of all possible claims arising out of the incident For example, we understand that Iran may present a claim relating to the loss of the plane

Judgment Fund to make such payments, as settlement of pending or imminent litigation. We assume that, in order to make such settlements, the United States would enter into appropriate agreements with the affected countries, disposing of pending and threatened suits before the ICJ. We also assume that it is likely that the countries other than Iran will shortly seek redress through the ICJ.

The Judgment Fund Appropriation, 31 U.S.C. § 1304(a), appropriates funds necessary to pay "final judgments, awards [and] compromise settlements" when "(1) payment is not otherwise provided for; (2) payment is certified by the Comptroller General; and (3) the judgment, award, or settlement is payable — (A) under section 2414 ... of title 28." Section 2414 of title 28 provides that:

> Payment of final judgments rendered by a State or foreign court or tribunal against the United States ... shall be made on settlements by the General Accounting Office after certification by the Attorney General that it is in the interest of the United States to pay the same....
>
> ... [C]ompromise settlements of claims referred to the Attorney General for defense of imminent litigation or suits against the United States ... made by the Attorney General ... shall be settled and paid in a manner similar to judgments in like causes and appropriations or funds available for the payment of such judgments are hereby made available for the payment of such compromise settlements.

Thus, the Attorney General can settle actual or imminent litigation if a judgment in that litigation would be payable.

As we noted above, Iran has initiated litigation against the United States before the ICJ. We assume that, because the other countries involved are likely to commence such proceedings soon, suits by them can be regarded as imminent. Under these circumstances, the availability of the Judgment Fund to pay settlements of these ICJ proceedings depends on whether (1) the ICJ is a "foreign court or tribunal" within the meaning of 28 U.S.C. § 2414; (2) payment is provided for other than by 31 U.S.C. § 1304; and (3) the Attorney General could determine that the settlements are in the interests of the United States.

We believe that the ICJ is a "foreign court or tribunal" for purposes of 28 U.S.C. § 2414. While this question is not free from doubt, it is clear that the ICJ is authorized to decide cases between States, and, as your letter points out, the United States has accepted its jurisdiction in numerous treaties.[2] Given its permanent existence and judicial function, the ICJ appears to be a court or tribunal in the ordinary sense of those words. It is also foreign, not American.[3]

200

As to the second question, we are aware of no statute other than the Judgment Fund Appropriation that authorizes payment of ICJ judgments against the United States. In particular, you have advised us that the Department of State foreign claims statute, 22 U.S.C. § 2669(f), covers only settlements arising out of activities of the Department of State, not military operations. Similarly, the Department of Defense claims-settlement provisions, 10 U.S.C. §§ 2733(a), 2734(a), do not apply to claims arising out of combat.[4]

Finally, it is clear that the Attorney General could readily find that payment is in the interests of the United States, because the President already has determined that prompt compensation to the victims would serve our foreign policy goals.[5]

In sum, if the United States enters into appropriate settlement agreements with the affected governments, the Attorney General would have the authority to certify those settlements for payment from the Judgment Fund, subject to approval by the Comptroller General.[6]

WILLIAM P. BARR
*Assistant Attorney General*
*Office of Legal Counsel*

---

[2] This Office has previously opined that the Iran-United States Claims Tribunal "falls within the reach of foreign tribunals as that term appears in section 2414." *Memorandum for D Lowell Jensen, Acting Deputy Attorney General, from Larry L. Simms, Deputy Assistant Attorney General, Office of Legal Counsel (Feb. 24, 1984)*

[3] We recognize that judgments of the ICJ are enforceable in United States courts only as a matter of comity, and that the United States is not necessarily bound under international law by all judgments issued against it by the ICJ. We do not think that this keeps the ICJ from qualifying as a court or tribunal.

[4] The Secretary of the Navy has authority to enter into pre-litigation settlements of "admiralty claims" of up to $1,000,000 for "damage caused by a vessel in the naval service." 10 U S C § 7622(a) As we read the statute, however, the category of admiralty claims includes only suits within the admiralty jurisdiction of United States courts, and therefore does not extend to suits before the ICJ

[5] The Department believes that consideration should be given, in setting overall policy on this question, to consider obtaining releases from the families of victims, as well as the countries involved. While only States may bring actions before the ICJ, it is possible that an individual claimant would be able to sue in United States court under the Public Vessels Act, 46 U S.C. §§ 781-790, which provides an action against the government for wrongs committed by public vessels, in circumstances where a private person would be liable; this action, however, is available to foreign nationals only insofar as the laws of their country permit recovery by United States nationals under similar circumstances Moreover, a foreign national might be able to bring an action in foreign court, notwithstanding his country's waiver of its claim on his behalf. The extent to which individual waivers should be required in order to foreclose the possibility of such litigation is a question of policy concerning the interests of the United States.

[6] The Judgment Fund Appropriation states that payment will be made only when authorized by the Comptroller General It is our view that the Comptroller General's role in this process is ministerial, so that his certification simply follows from satisfaction of the other requirements and completion of the necessary paperwork. Indeed, we believe that were the requirement of certification to be other than a ministerial function it would raise serious questions under the Supreme Court's holding in *Bowsher v Synar*, 478 U S 714 (1986) (Congress cannot constitutionally assign to the Comptroller General, an arm of Congress, the duty of executing the laws).